

# Fourth Court of Appeals
## San Antonio, Texas

May 7, 2014

No. 04-13-00770-CR

Tiffany **NEMECEK**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 355th District Court, Hood County, Texas
Trial Court No. CR12464
The Honorable Ralph H. Walton Jr., Judge Presiding

# O R D E R

Sitting:      Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Appellant's brief was due March 7, 2014. On March 10, 2014, appellant's counsel filed a motion to dismiss this appeal. However, we denied the motion because it was not signed by the appellant. *See* TEX. R. APP. P. 42.2(a). We therefore ordered appellant's attorney to file, on or before April 10, 2014, appellant's brief or a motion to dismiss that complies with Rule 42.2(a). We explained that if appellant's brief or a motion to dismiss was not filed by that date, we would abate this appeal to the trial court for an abandonment hearing. TEX. R. APP. P. 38.8(b)(2). On April 8, 2014, appellant's counsel filed a motion to dismiss, which he represents is based on appellant's verbal request. However, the motion is not signed by appellant, as appellant's counsel states that he has not received from his client a signed copy of the motion. We therefore DENY the motion to dismiss. As counsel is unable to communicate with his client, we abate this appeal for an abandonment hearing.

Therefore, pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), we abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute her appeal?

(2) Is appellant indigent?

(a) If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(b) If the trial court finds that appellant is not indigent, the trial court should determine whether appellant has made the necessary arrangements for filing a brief.

(3) Has appointed or retained counsel abandoned the appeal?

We ORDER the trial court to file its written findings of fact and conclusions of law with the trial court clerk no later than thirty days from the date of this order. We ORDER the trial court clerk to file a supplemental clerk's record in this court no later than ten days after the trial court files its findings of facts and conclusions of law. We further ORDER the court reporter to file in this court a supplemental reporter's record of the hearing, along with copies of any documentary evidence admitted, no later than twenty days after the date of the hearing.

All appellate deadlines are ABATED pending further orders from this court.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of May, 2014.

_____
Keith E. Hottle
Clerk of Court